IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL SMEDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:11cv954-MHT |
| | ) | |
| CITY OF OZARK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon consideration of the plaintiff's motion for leave to proceed *in forma pauperis*, (doc. # 2) filed on November 7, 2011, it is

ORDERED that the motion be and is hereby GRANTED.

On November 7, 2011, *pro se* plaintiff Darrell Smedley ("Smedley"), filed this action pursuant to 42 U.S.C. § 1983, challenging the actions taken against him by Municipal Court Judge Robert Brogden in Ozark, Alabama. While Smedley sues only the City of Ozark, he alleges that Judge Brogden convicted him of domestic harassment without probable cause. He also complains that upon his conviction, Judge Brogden's sentence and fine were excessive under the Eighth Amendment. He further alleges that the City of Ozark has a policy and custom to allow Judge Brogden to exceed his authority in sentencing. Finally, he complains that the City of Ozark was without jurisdiction to notify the State of his conviction.

Upon review of the complaint filed in this case, the Court concludes that dismissal of the complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim for which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1] The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.*, at 327. *See also Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). This section gives a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose [legal theories or] factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. *See also Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. June 16, 1981).[2] Indeed,

> district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties. *See Jefferson v. Fourteenth Assocs.*, 695 F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), [the Eleventh Circuit] also ha[s] held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when

---

[1] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

>it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

*Davis v. Kvalheim*, 261 Fed. Appx. 231, 234-35 (11th Cir. 2008).

Regardless of how Smedley frames the issues or who he sues, it is clear that he is complaining about his conviction and sentence in Municipal Court in Ozark, Alabama. This court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges of state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action was unconstitutional. *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Fla Bd. of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986); *District of Columbia Ct of Appeals v. Feldman*, 460 U.S. 462 (1983). It is, therefore, clear that an action filed pursuant to 42 U.S.C. § 1983 may not be used to compel a state court to take a particular course of action. *Cf. Datz*, *supra*. Likewise, a 42 U.S.C. § 1983 action cannot operate as a substitute to appeal a state court decision. *Id.*, at 254 (a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). For these same reasons, any claims Smedley may have against the City of Ozark as the 'employer' of Judge Brogden are frivolous and based on an indisputably meritless legal theory. In light of the foregoing, dismissal of the plaintiff's claims arising from actions of the state court is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990).

To the extent that the complaint can be liberally construed as naming Municipal Court Judge Robert H. Brogden as a defendant, because Judge Brogden is sued for actions taken while acting in his judicial capacity, he is entitled to absolute immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all justification,'" *Bolton v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). *Accord, Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constitutes a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *See, e.g., Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

Any claims Smedley alleges against defendant Brogden clearly implicate acts taken in Judge Brogden's judicial capacity for which he is entitled to absolute judicial immunity. Without commenting on the merits or lack thereof of any of Smedley's claims, the path for challenging rulings or official court actions is an appeal to an appropriate court. The law does not subject a court or a judge to suit by unsuccessful litigants. Thus, Smedley's dispute

with the rulings of defendant Brogden in his criminal case in municipal court does not state a cognizable federal claim. His sole remedy for his dissatisfaction with rulings in that case is to seek further relief by timely and properly pursuing an appeal of the ruling to the appropriate court. Because it is clear that Smedley cannot cure this pleading defect, any claims against defendant Judge Brogden must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as those claims are based on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327.

As earlier noted, Smedley also complains the City of Ozark has a policy and custom of allowing Judge Brogden to exceed his authority. Section 139 of the Alabama Constitution of 1901 ("Judicial Power") provides, in pertinent part:

> Except as otherwise provided by this Constitution, the judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law.

It follows that as a matter of Alabama law, a city has no authority over a State judicial officer. *Ex parte Ala. State Personnel Bd.,* 54 So.3d 886, 894 (Ala. 2010) (The judicial power of this State must be exercised by courts having the attributes prescribed in the Alabama Constitution.) Smedley's complaint about policy and custom lacks merit.

Finally, Smedley complains that the City lacks jurisdiction to notify the State of his conviction in municipal court. Plainly, this contention fails to state a claim for relief under § 1983 as the actions of the City do not "deprive the plaintiff of any rights, privileges, or

5

immunities secured by the Constitution or laws of the United States." *See Parratt v. Taylor*, 451 U.S. 527 (1981). At best, the plaintiff's claim might be construed as a complaint about his reputation. However, in *Paul v. Davis*, 424 U.S. 693, 701 (1976), the Supreme Court held that a person's interest in reputation alone, "apart from some more tangible interests such as employment," is not a protected liberty interest within the meaning of the due process clause. "To establish a liberty interest sufficient to implicate the fourteenth amendment safeguards, the individual must be not only stigmatized but also stigmatized in connection with a denial of a right or status previously recognized under state law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1302-03 (11th Cir. 2001). This notification claim fails.

As set out above, the Court concludes that Smedley's claims in this action are frivolous because they are "without arguable merit in fact or law," and he has failed to state a claim on which relief may be granted. Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such accusations. That federal statute provides that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B).

Also pending before the court is plaintiff's motion for a ruling in his favor (doc. # 4) filed on November 15, 2011, which for the reasons stated is due to be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is further

ORDERED that the plaintiff's motion for a ruling in his favor (doc. # 4) be and is hereby DENIED. Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 15, 2012.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of February, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE